UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JERRY CHAMBERS,

    Plaintiff,

v.                                         CAUSE NO. 3:21-CV-586-DRL-MGG

HYATTE,

    Defendant.

OPINION AND ORDER

Jerry Chambers, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

Mr. Chambers sues Warden Hyatte for two unrelated claims. Typically, a complaint may contain only related claims, but a plaintiff may bring unrelated claims against the same defendant. In other words, a plaintiff may bring multiple unrelated claims against a *single* party, but unrelated claims against *different* defendants belong in different suits. *George*, 507 F.3d at 607 ("[M]ultiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against

Defendant 2."). Therefore, the court will analyze whether either unrelated incident states a claim against the warden.

Mr. Chambers alleges that on July 31, 2021, he had a seizure in his cell. No one answered the medical button, and no officer walked his cell block the whole day. He alleges Warden Hyatte should be held accountable for not ensuring his staff are doing their jobs. However, officials cannot be held liable under 42 U.S.C. § 1983 simply because they hold supervisory positions at the prison. *J.K.J. v. Polk Cnty.*, 960 F.3d 367, 377 (7th Cir. 2020); *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). "Personal involvement in a subordinate's constitutional violation requires supervisors to know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see." *Taylor v. Ways*, 999 F.3d 478, 494 (7th Cir. 2021) (quotation marks omitted). This is a high standard, designed to ensure that "supervisors are responsible for their own acts but not for those of subordinates, or for failing to ensure that subordinates carry out their tasks correctly." *Horshaw v. Casper*, 910 F.3d 1027, 1029 (7th Cir. 2018). Thus, the allegations in the complaint must allow a reasonable inference that the warden "knew about or was personally involved in the specific conduct." *Gill v. City of Milwaukee*, 850 F.3d 335, 344 (7th Cir. 2017). Here, there is no indication that the warden was aware of Mr. Chamber's situation.

Next, Mr. Chambers sues the warden for not transferring him to another prison or not separating him from prison staff who harass him by withholding food and assaulting him. These allegations are too vague for the court to determine whether Mr. Chambers

states a claim for failure to protect. The Eighth Amendment imposes a duty on prison officials "to take reasonable measures to guarantee the safety of inmates" and to "protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994). However, "prisons are dangerous places," as "[i]nmates get there by violent acts, and many prisoners have a propensity to commit more." *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008). A failure-to-protect claim cannot be predicated "merely on knowledge of general risks of violence in a detention facility." *Brown v. Budz*, 398 F.3d 904, 913 (7th Cir. 2005). Instead, the plaintiff must establish that "the defendant had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Santiago v. Wells*, 599 F.3d 749, 756 (7th Cir. 2010). Mr. Chambers does not detail which officers are harassing him or the specific acts of alleged harassment. Nor does he detail how Warden Hyatte was made aware of the prison staff's actions. Without more information, the complaint does not plausibly allege a constitutional violation.

This complaint does not state a claim for which relief can be granted. Nevertheless, Mr. Chambers may file an amended complaint if he believes he can state a claim based on (and consistent with) the events described in this complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. After he properly completes that form addressing the issues raised

3

in this order, he needs to send it to the court. If he decides to add in additional defendants, he needs to ensure that he raises only related claims arising out of the same events.

For these reasons, the court:

(1) GRANTS Jerry Chambers until **January 25, 2022**, to file an amended complaint; and

(2) CAUTIONS Jerry Chambers if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

December 23, 2021  *s/ Damon R. Leichty*
Judge, United States District Court